UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW ENGLAND PROPERTY SERVICES GROUP, LLC, a Massachusetts Limited Liability Company,<br>Plaintiff,<br><br>v.<br><br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, An Ohio Corporation,<br>Defendant. | C.A. No. 24-cv-235-MRD-AEM |

**MEMORANDUM AND ORDER**

Melissa R. DuBose, United States District Judge.

Before the Court is defendant Nationwide Property and Casualty Insurance Company's ("Nationwide") Renewed Motion for Judgment on the Pleadings. (ECF No. 24.) Plaintiff New England Property Services Group, LLC ("NEPSG") sued Nationwide, alleging in its First Amended Complaint breach of contract (Count I) and bad faith (Count II) and is seeking declaratory and equitable relief (Count III) related to Nationwide's conduct in a property insurance dispute. (ECF No. 20.) For the following reasons, Nationwide's Renewed Motion for Judgment on the Pleadings is GRANTED with respect to Count III of NEPSG's First Amended Complaint but DENIED with respect to Counts I and II.

## I. BACKGROUND

This case stems from a property insurance dispute between Nationwide, the insurer, and NEPSG, the assignee of the policy holder's insurance claim.

The property at issue sustained damage during a storm in September 2021. (ECF No. 20 ¶ 12.) After the parties failed to agree on the claim value, NEPSG sued in Kent County Superior Court and had an appraisal umpire appointed. *Id.* ¶¶ 40–52. The umpire's appraisal award was lower than the amount NEPSG sought. *See id.* ¶ 58. NEPSG did not sign the formal appraisal award, which the appraisal umpire finalized in November 2022. (ECF No. 20 ¶ 59.) Nationwide issued a check for the appraisal amount. *See id.* ¶¶ 60–62; ECF No. 24-1 at 1, *see* ECF No. 26.

In March 2024, NEPSG submitted a second demand for appraisal. (ECF No. 20 ¶ 67.) Nationwide responded to this demand by sending NEPSG a letter denying it, claiming that the insurance policy's limitations period for filing a legal action had expired. According to the policy, "any action on this policy for the recovery of any claim for direct loss or damage by fire or lightning must be brought within two years after the date on which such direct loss or damage occurred." *Id.* ¶ 70; ECF No. 23 at 11 (quoting from the policy contract). In response, NEPSG sued in Newport County Superior Court. (ECF No. 1-1 at 2.) Nationwide then removed the case to this Court based on diversity jurisdiction. (ECF No. 1 ¶ 6.)

The scope of the three counts NEPSG alleges against Nationwide are as follows. In Count I, NEPSG claims that Nationwide breached its contractual obligations under the insurance policy by allegedly, *inter alia*, failing to pay the entire

Appraisal Award, wrongfully denying coverage for the initial claim, improperly investigating the claim, interfering with the appraisal of the claim, failing to name an appraiser within the required timeframe, and generally breaching the implied covenant of good faith and fair dealing. *Id.* ¶¶ 74–86. In Count II, NEPSG alleges Nationwide violated Rhode Island law by acting in bad faith in handling the claim, for largely the same reasons as outlined in Count I. *Id.* ¶¶ 87–99. In Count III, NEPSG petitions the Court for declaratory and equitable relief under R.I. Gen. Laws §§ 9-30-1 and 8-2-13, asking the Court to either appoint a new appraisal umpire, declare NEPSG's second appraisal demand valid, or remand NEPSG's claimed expenses exceeding the original Appraisal Award for reconsideration by the appraisal panel. *Id.* ¶¶ 100–03.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings at any time after the pleadings close and "within such time as not to delay trial." "[T]o survive . . . a motion for judgment on the pleadings[], the complaint must plead facts that raise a right to relief above the speculative level, such that the entitlement to relief is plausible." *Citibank Glob. Markets, Inc. v. Rodríguez Santana*, 573 F.3d 17, 23 (1st Cir. 2009) (citations omitted). The Court may not consider "conclusory legal allegations." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013). Additionally, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (citations omitted). When

reviewing the complaint, the court must draw all inferences in favor of the plaintiffs. *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013).

## III. DISCUSSION

Nationwide presents six arguments favoring dismissal of either all or some of NEPSG's claims. (ECF No. 24-1 at 7–19.)

First, Nationwide argues that NEPSG's breach of contract claims must be dismissed because Nationwide paid the full appraisal award to NEPSG, such that it has complied with its contractual obligations. *Id.* at 7–9. Second, Nationwide invokes res judicata and collateral estoppel to argue that all of NEPSG's claims must be dismissed because, according to Nationwide, the original appraisal operated as a final judgment on the merits, and the issues litigated here were already litigated during the proceedings related to that appraisal. *Id.* at 10–13. Third, Nationwide argues that the policy's two-year limitations period for "any claim for direct loss or damage by fire or lightning" make NEPSG's present claims untimely. *Id.* at 13–14. Fourth, Nationwide contends that, based on Rhode Island law, NEPSG's bad faith claims must necessarily be dismissed if its breach of contract claims are dismissed. *Id.* at 14–15. Fifth, Nationwide argues that an insured may not assign its bad faith claims to a third party, and, as such, NEPSG cannot pursue that claim against Nationwide. *Id.* at 15–17. Sixth, Nationwide argues that NEPSG's claims for declaratory and equitable relief are both meritless (for the same reasons its other claims allegedly fail) and brought in the wrong forum. *Id.* at 17.

As a threshold matter, Nationwide's third argument—that the limitations period should be effectively read as limiting both "any claim for direct loss" and "[any claim] for damage by fire or lightning"—is meritless. While a purely contextless reading of the phrase "direct loss or damage by fire or lightning" might support Nationwide's position, this contractual language appears to fall clearly within the context of fire insurance and should therefore be read as limiting only claims for "direct loss [by fire or lightning] or damage by fire or lightning." *See* R.I. Gen. Laws § 27-5-3 (establishing standard fire insurance policy language as insuring "against all direct loss by fire and lightning"); *cf. Mancini v. Yorkshire Ins. Co., Ltd., of York, Eng.*, 170 A. 82, 82 (R.I. 1934) (describing a fire insurance policy insuring against "direct loss or damage by fire"); *Swerling v. Connecticut Fire Ins. Co.*, 180 A. 343, 343 (R.I. 1935) (same). As such, because the damage at issue in this case was unrelated to fire or lightning, the two-year limitations period does not apply.

Nationwide's first and second arguments are related: essentially, Nationwide contends that the original appraisal award, and Nationwide's claimed payment of that award, settled any breach of contract claims that might have arisen from Nationwide's handling of NEPSG's claim. Nationwide finds some support for this position in existing Rhode Island law, as Rhode Island courts generally equate appraisal awards made under similar circumstances with arbitration decisions. *See Vermont Mut. Ins. Co. v. New Eng. Prop. Services Group, LLC*, 331 A.3d 993, 998–1000 (R.I. 2025); *Waradzin v. Aetna Cas. and Sur. Co.*, 570 A.2d 649, 650 (R.I. 1990) ("This court has recognized that an "appraisal" procedure can be equated with

"arbitration."). As such, challenges to an appraisal award itself must be made pursuant to Rhode Island's Arbitration Act, which permits such challenges when brought within one year after the award was made when there is some form of misconduct that tainted the appraisal process itself. *See Vermont Mut. Ins.*, 331 A.3d at 998–99 (citing R.I. Gen. Laws §§ 10-3-11, 10-3-12).

The Rhode Island Supreme Court has also made it clear that, "[w]ith some limited exceptions and qualifications, 'a valid and final award by arbitration has the same effects under the rules of *res judicata*, subject to the same exceptions and qualifications, as a judgment of a court.'" *Foster-Glocester Reg'l Sch. Comm. v. Bd. of Rev.*, 854 A.2d 1008, 1016 (R.I. 2004) (quoting 2 Restatement (Second) Judgments 2d § 84 at 286 (1982)). Thus, where an insurance dispute is settled through arbitration, *res judicata* will operate to prevent relitigation of issues raised during that arbitration. *See E.W. Audet & Sons, Inc. v. Fireman's Fund Ins. Co. of Newark, New Jersey*, 635 A.2d 1181, 1188 (R.I. 1994).

Here, NEPSG defends its action against Nationwide by arguing that it presents legal claims challenging Nationwide's conduct during the appraisal process that are distinct from any challenge to the value of the loss, and that these claims were not litigated during the appraisal process and are therefore not barred by res judicata or collateral estoppel. (ECF No. 26 at 7–10.) For support, NEPSG turns to *Houle v. Liberty Ins. Corp.*, 271 A.3d 591 (R.I. 2022). In that case, as here, the plaintiff brought a breach of contract claim *after* an appraisal award was made, alleging that the defendant had breached the terms of the relevant policy by failing

to perform a full and complete investigation and by acting in bad faith. *Id.* at 593. The trial court granted judgment on the pleadings against the plaintiff, finding (*inter alia*) that the claim had been "fully and finally adjudicated" by the appraisal process. *Id.* The Rhode Island Supreme Court reversed, however, finding that the factual allegations raised by the plaintiff—when viewed in the light most favorable to it—were sufficient to support a claim for breach of contract, notwithstanding the appraisal award. *Id.* at 594–95.

Based on *Houle*, it seems likely that the Rhode Island Supreme Court would find that NEPSG's breach of contract and bad faith allegations—claims that do not challenge the appraisal award itself, but instead Nationwide's conduct during the claims process—are sufficient to survive Nationwide's Motion for Judgment on the Pleadings.[1] At the same time, the Court notes that NEPSG's requested declaratory and equitable relief under Count III is clearly an attempt to disturb the original appraisal award, is at odds with its argument that it is bringing new, unresolved claims against Nationwide, and appears to be barred by both the Arbitration Act (as NEPSG has made no non-conclusory allegations that the appraisal process by the umpire was tainted by misconduct) and either res judicata or collateral estoppel. As such, NEPSG's claims under Count III are dismissed.

[1] While *Houle* involved Rhode Island's more liberal pleading standard—permitting judgment on the pleadings against a plaintiff only where "it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim"—the Court finds the outcome to be the same here under the federal "plausibility" pleading standard. *See Houle*, 271 A.3d at 594; *compare Citibank Glob. Markets, Inc. v. Rodríguez Santana*, 573 F.3d 17, 23 (1st Cir. 2009).

What remains are Nationwide's fourth and fifth arguments, which seek dismissal of NEPSG's state-law bad faith claims. As the Court has already determined that NEPSG's breach of contract claims survive Nationwide's attempt at dismissal, Nationwide's argument that these claims must be dismissed if NEPSG's breach of contract claims are dismissed is moot. As for Nationwide's argument that NEPSG's bad faith claims were improperly assigned to it by the underlying policy holder, the Court fails to see how this is so: NEPSG alleges that Nationwide engaged in bad faith conduct *after* the policy holder assigned the insurance claim to NEPSG in October 2021. *See* ECF No. 20 ¶ 17. As such, because NEPSG is entitled to bring any claims that might have been brought by the underlying policy holder, *see* R.I. Gen. Laws § 9-2-8, its bad faith claim is properly alleged.

In summary, based on the Rhode Island Supreme Court's holding in *Houle v. Liberty Ins. Corp*, dismissal of NEPSG's breach of contract and bad faith claims is not warranted at this stage in the proceedings. However, to the extent NEPSG seeks to disturb the original appraisal award, such claims are barred under the Arbitration Act and the preclusive effect of the award.

## IV. CONCLUSION

For the foregoing reasons, Nationwide's Renewed Motion for Judgment on the Pleadings is GRANTED with respect to Count III of NEPSG's First Amended Complaint but DENIED with respect to Counts I and II.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

November 3, 2025